# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MELVIN ADDISON, ADRIANA L. ADDISON, and ACCORD SERVICES, INC.** | * * * | **CIVIL ACTION NO.: 24-947** |
| | * | **SECTION:** |
| **VERSUS** | * * | **JUDGE:** |
| **RICHARD WILLIAM HUYE, III; MCCLENNY, MOSELEY & ASSOCIATES, PLLC; OAKWOOD BANK; and TORT NETWORK, LLC d/b/a VELAWCITY, LLC** | * * * * * | **MAG. DIV.:** **MAG. JUDGE:** |
| ************************************** | * | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendants Equal Access Justice Fund LP ("EAJF") and EAJF ESQ Fund LP ("EAJF ESQ," incorrectly named as "Equal Access Justice Fund ESQ Fund LP"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453 hereby remove this case to the United States District Court for the Western District of Louisiana on the grounds set forth below.

### BACKGROUND

1.

The plaintiffs, Melvin Addison, Adriana L. Addison, and Accord Services, Inc., filed this action in the 14th Judicial District Court for the Parish of Calcasieu, case no. 2023-125, on March 31, 2023. A copy of the plaintiffs' petition is included with the attached state court record. *See* Exhibit 1, state court record, vol 1, p. 1 (original petition).[1]

---

[1] A copy of the publicly available state court record, including the process, pleadings, and orders served on EAJF and EAJF ESQ, is attached as Exhibit 1. Due to the size of the record, EAJF and EAJF ESQ have separated it into two consecutively numbered volumes.

2.

Plaintiffs Melvin Addison and Adriana L. Addison are domiciled in the State of Louisiana and are therefore Louisiana citizens. Plaintiff Accord Services, Inc. is a Nevada corporation with its principal place of business in Louisiana, making it a citizen of Nevada and Louisiana. *See* Exhibit 1, state court record, vol. 2, p. 427 (second amended petition, ¶ 1).

3.

In their original petition, the plaintiffs asserted claims against William Huye, III (a Louisiana domiciliary); McClenny Moseley & Associates, PLLC (a Texas limited liability company); Oakwood Bank (a Texas bank); and Tort Network LLC, d/b/a Velawcity (an Arizona limited liability company) arising under the Louisiana Racketeering Act. *See* Exhibit 1, state court record, vol. 1, p. 1 (original petition, ¶ 3).

4.

On May 14, 2024, the plaintiffs filed their second supplemental, amending, and restated petition, which (1) dropped their claims against Huye and MMA, (2) removed allegations against Oakwood in light of its dismissal for lack of personal jurisdiction, (3) added EAJF and EAJF ESQ as defendants; and (4) asserted, for the first time, class action claims against the remaining defendants. *See* Exhibit 1, state court record, vol. 2, p. 427 (second amended petition).

5.

The plaintiffs base their claims on the allegation that they and a class of similarly situated plaintiffs were the victims of a racketeering scheme spearheaded by MMA. The plaintiffs contend, among other things, that all defendants conspired with MMA to execute an illegal client-purchase and money laundering scheme whereby Velawcity delivered more than 8,000 clients to MMA at a

rate of $3,000 to $3,500 each. *See* Exhibit 1, state court record, vol. 2, p. 428 (second amended petition, ¶ 4).

6.

The plaintiffs further contend that EAJF and EAJF ESQ provided MMA with the financing for its supposed scheme, and that they otherwise invested in MMA's fraudulent plan. *See* Exhibit 1, state court record, p. 428 (second amended petition ¶ 5). EAJF and EAJF ESQ deny plaintiffs' allegations generally and that they had any knowledge of MMA's supposed impropriety.

7.

The plaintiffs seek to represent a class consisting of:

> All policyholders (along with their respective mortgagees) who were represented by McClenny Moseley & Associates, PLLC, for Hurricane Laura, Delta, and/or Ida claims as a result of payments made to Defendant Velawcity which were funded by Defendants EAJF and/or EA ESQ and whose claim or lawsuit was subject to a stay (and resulting delay) issued by a Louisiana Federal and/or State Court.

Exhibit 1, state court record, vol. 2, p. 428 (second amended petition, ¶ 20).

JURISDICTION

8.

This Court has original jurisdiction over the plaintiffs' claims pursuant to the Class Action Fairness Act ("CAFA"). *See* 28 U.S.C. §§ 1332(d) (granting federal district courts original jurisdiction over class action claims where (1) the putative class has at least 100 members (2) there is "minimal diversity" between at least one plaintiff and at least one defendant, and (3) the amount in controversy exceeds $5,000,000).

9.

The plaintiffs assert that each of the 8,000+ class members is entitled to, *inter alia*, $10,000 in statutory damages pursuant to La. Rev. Stat. § 15:1356. *See* Exhibit 1, state court record, p. 431 (second amended petition, ¶ 16). Therefore, according to the plaintiff's own allegations, the amount in controversy exceeds $80 million, well above CAFA's $5 million jurisdictional threshold, and the proposed class includes more than 100 members. *See* 28 U.S.C. § 1332(d).

10.

EAJF and EAJF ESQ are organized under the laws of Delaware and maintain their principal place of business in Florida. Accordingly, pursuant to 28 U.S.C. § 1332(d)(10), they are citizens of Delaware and Florida for the purposes of determining minimal diversity under CAFA. Velawcity is an LLC organized under the laws of the state of Arizona with its principal place of business in Arizona. Accordingly, it is a citizen of the state of Arizona for the purposes of determining minimal diversity under CAFA. Because the Addisons are citizens of Louisiana and Accord is a citizen of Louisiana and Nevada according to their own allegations, minimal diversity between the defendants and at least one member of the putative class exists.

11.

The local controversy exception to CAFA jurisdiction is inapplicable here as (1) the plaintiffs' petition does not establish that greater than two-thirds of the members of the proposed class are citizens of the forum state, (2) there is no defendant who is a citizen of the state in which the action was originally filed, and (3) there is a class action involving similar factual allegations against the same defendants filed within the past three years in the United States District Court for the

Southern District of Texas—namely, the case captioned *Monson v. McClenny, Moseley & Associates, et al.*, Case No. 4:23-cv-00928. *See* 28 U.S.C. §1332(d)(4)(A).

12.

Neither the discretionary exception nor the home state exception to CAFA applies because none of the primary defendants is a citizen of the state in which the action was originally filed, as required by CAFA. Additionally, the plaintiffs have not pleaded facts sufficient to establish that a particular percentage of class members are citizens of the forum state. 28 U.S.C. § 1332(d)(4)(B), (d)(3).

**VENUE AND PROCEDURAL REQUIREMENTS**

13.

This notice of removal is timely. The second amended petition (first asserting the plaintiffs' class allegations and adding EAJF and EAJF ESQ as defendants) was served on EAJF and EAJF ESQ on June 17, 2024, and this notice of removal has been filed within 30 days of that date. Pursuant to 28 U.S.C. § 1453, the one-year limitation on removal under section 1446(c)(1) is inapplicable to the removal of class actions.

14.

In accordance with 28 U.S.C. § 1453, EAJF and EAJF ESQ may remove this class action without the consent of all defendants. Nevertheless, Velawcity consents to the removal of this action.

15.

Venue is proper in this judicial district under 28 U.S.C. § 1441(a) because the state court where the suit was pending is located in this judicial district. 28 U.S.C. § 98(c).

16.

By filing this notice of removal, defendants preserve, and do not waive, any defenses that may be available to any defendant, including lack of personal jurisdiction. Defendants expressly reserve their right to pursue a transfer of this matter to a different venue.

17.

The defendants are filing, concurrently with this notice of removal, a notice to all parties and the state court of the removal of this action.

18.

For the reasons stated above, the civil action filed in the 14th Judicial District Court for the Parish of Calcasieu is hereby removed to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

/s/  Thomas M. Flanagan
Thomas M. Flanagan (#19569)
Anders F. Holmgren (#34597)
James H. Gilbert (#36468)
Alixe L. Duplechain (#39167)
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 3300
New Orleans, Louisiana 70170
Telephone: 504-569-0235
tflanagan@flanaganpartners.com
aholmgren@flanaganpartners.com
jgilbert@flanaganpartners.com
aduplechain@flanaganpartners.com

*Attorneys for Equal Access Justice Fund LP and EAJF ESQ Fund LP*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of July, 2024, I emailed a copy of the foregoing pleading to plaintiffs' counsel.

                                      /s/ Thomas M. Flanagan