UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **MELVIN ADDISON, ADRIANA L. ADDISON AND ACCORD SERVICES, INC.**<br>       Plaintiffs | CIVIL CASE NO. 2:24-cv-00947 |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **RICHARD WILLIAM HUYE, III, MCCLENNY, MOSELEY & ASSOCIATES, PLLC, OAKWOOD BANK AND TORT NETWORK, LLC D/B/A VELAWCITY, LLC**<br>       Defendants | **MAG. JUDGE CAROL WHITEHURST** |

**<u>PLAINTIFFS', MELVIN ADDISON AND ADRIANA L. ADDISON, SUR-REPLY MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)</u>**

MAY IT PLEASE THE COURT:

Equal Access Justice Fund LP and EAJF ESQ Fund LP (collectively "EAJF" collectively) reply memorandum entirely misses the point of Plaintiffs' Opposition and Request for Remand. EAJF would have this Honorable Court ignore the Article III standing issue (which no Federal Court can do) and decide its motion solely on the issue of standing for a Federal RICO Act claim (a claim that Plaintiffs have never brought).

The *only claim* asserted in Plaintiffs' petition is a state law claim under the Louisiana Racketeering Act, an act that does not require Federal RICO Act standing to bring. While the Federal RICO Act standing is not relevant to this case (since no Federal RICO Act claim has been asserted), Article III standing *is* relevant because no Federal Court can exercise subject matter jurisdiction without it.

1

It is well settled that State Court standing requirements are markedly different than Federal Court Article III standing requirements.  And, in cases brought under state law and removed to Federal Court, like this one, *both* the state and federal (Article III) standing requirements must be met.  See *Comer v. Murphy Oil USA*, 585 F.3d 855 (5th Cir. 2009).  In *Comer*, the U.S. Fifth Circuit pointed that Mississippi's liberal standing requirements were much easier to satisfy than the rigorous Article III standing inquiry required for the Federal Court to exercise subject matter jurisdiction.

The same is true under Louisiana law.  In *Harrison v. Jefferson Parish School Board*, 78 F.4th 765 (5th Cir. 2023), the Fifth Circuit recognized that while Jefferson Parish School Board did not meet the tougher standing requirements under Article IIII, Louisiana State Court would decide whether Jefferson Parish School Board could maintain its claim in Louisiana State Court even though insufficient injury was alleged to invoke Article III standing.  The U.S. Fifth Circuit ordered that the case be remanded to State Court rather than dismissed (citing *Atkins v. CB&I, L.L.C.*, 991 F.3d 667 (5th Cir. 2021).

Here, the allegation that Plaintiffs have not alleged Federal RICO standing because no "concrete injury" has been alleged actually pertains to Article III standing (which also requires a "concrete injury" be alleged to invoke federal subject matter jurisdiction).  While the *only claim asserted* does not require "concrete injury" to possess a claim under the Louisiana Racketeering Act (remember no Federal RICO Act claim has been pled), "concrete injury" *is* required for Article III standing and the Court cannot and should not ignore the fact that Article III standing is lacking (even though Plaintiffs may possess a valid right of action under Louisiana law – a determination that can only be made in Louisiana State Court).

In sum, because the lack of "concrete injury" necessarily means lack of Article III standing, see *Earl v. Boeing Company*, 53 F.4th 897 (5th Cir. 2022) (a case brought under the Federal RICO Act), this Honorable Court must find it lacks jurisdiction to adjudicate Plaintiffs' state law claims and must, under the recent Fifth Circuit case law cited above and in Plaintiffs' Opposition, remand this matter to State Court.  Once remanded, the Louisiana State Court can determine whether Plaintiffs have sufficient standing under Louisiana's broader more liberal standing requirements to pursue and prevail on their claims.

    Respectfully submitted,

    **COX, COX, FILO, CAMEL, WILSON & BROWN, LLC**

    **BY:**    **s/ Thomas A. Filo**
       **THOMAS A. FILO (LA Bar No. 18210)**
       723 Broad Street
       Lake Charles, LA 70601
       Phone: 337-436-6611
       tom@coxatty.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing was filed with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all counsel of record by operation of the Court's electronic system.

    **s/ Thomas A. Filo**

3